## SUPREME COURT.

JAMES J. NEALIS, receiver, agt. HENRY ADLER *et al.*

*Partnership — Rights of partners.*

The firm of A. & S. being indebted to B. on over due notes for money loaned, and to C. on notes not due for loans, A. without his partner's knowledge, in order to enable suit to be brought on these claims, in the city court, gave the firm's notes, maturing in a few days, to B. and to C., who thereupon began suit upon them. The summons was served only upon A., who made no defense, and judgment was entered by default: *Held*, that these judgments are not fraudulent as against creditors.

*Special Term, February,* 1886.

THE firm of Adler & Schoenhof were indebted to one Herman Adler upon a note of the firm held by him, and to one Solomon Bachman for moneys loaned by him to the firm. The note held by Herman Adler was for $4,778.61, and was overdue. The defendant, Henry Adler, desiring to secure Herman Adler and Solomon Bachman, gave to the former three firm notes aggregating the amount of said note held by him, and took up the latter. The defendant, Henry Adler, at the same

Nealis agt. Adler *et al.*

time gave to Solomon Bachman three new firm notes aggregating in amount the sum of the loan to the firm by him, but which new notes matured in a few days after their date. On their maturity Herman Adler and Solomon Bachman respectively began separate actions against said Adler & Schoenhof in the city court, based on the said notes, serving the summons in such actions on defendant, Henry Adler, only. He made no defense, and judgments were thereupon entered against the firm in all of said actions. The defendant, Schoenhof, thereupon brought suit against his copartner, Henry Adler, for a dissolution of their firm, and the plaintiff, Nealis, was by consent appointed receiver of the firm's property. The plaintiff thereupon brought this suit to set aside the said judgments as fraudulent and void as against the firm's creditors.

*Blumenstiel & Thomas*, for plaintiff, receiver.

*Mr. Jelliffe*, for defendant, Schoenhof.

*Stern & Myers*, for defendants, Adler *et al.*

VAN BRUNT, *J.* — This is an action to set aside certain judgments obtained by the defendants, Herman Adler and Solomon Bachman, against the defendants, Henry Adler and Jacob Schoenhof, brought by the plaintiff as receiver of the copartnership assets of said Adler & Schoenhof.

In considering the only question which was reserved for consideration upon the trial, I shall assume, as found as matter of fact, that the debt to Herman Adler was a debt of the firm of Adler & Schoenhof.

The point now to be determined is whether or not the judgments obtained by Herman Adler are voidable because of fraud.

The right of one partner to sell, pledge, mortgage or otherwise dispose of any of the copartnership property or assets for the purpose of securing a copartnership debt, even against the wishes of a copartner, seems to have been established in this

State since the case of *Mabbett* agt. *White* (12 *N. Y.*). It is true that if the act is done with a fraudulent intent, it is voidable by a party injured, and the discussion has always been as to what established a fraudulent intent.

It is not fraudulent for a partner to secure by mortgage, pledge or otherwise, one or more of the creditors of the firm, although such action may diminish the security of other creditors, and it is not fraudulent for one partner to do this not only without the knowledge of a copartner, but even knowing he would be opposed to the giving of such security (*Mabbett* agt. *White*, *supra*). Neither is it fraudulent for a creditor to seek to obtain such security from one of the partners of the firm which is indebted. Such being the case, a creditor has the right to get security by all legal resources, and a partner has a right to give such security. He is prohibited by statute, however, from giving security in one way — viz.: by confession of judgment — but this seems to be the only method which has been prohibited.

The firm of Adler & Schoenhof were indebted to Herman Adler and in order to enable suit to be brought on this claim in the city court, Henry Adler gave these notes for this debt, which he had a perfect right to do.

It would not have been any defense to an action brought upon these notes in the city court for Jacob Schoenhof to have answered that Henry Adler had given these notes for a firm debt in order to enable suit to be brought thereon in the city court.

Henry Adler had the right to secure to Herman Adler his debt. He had a right to issue notes for the same in any legal form as long as the intent was simply to secure a debt of the firm. Such being the case, how is fraud to be predicated upon the fact that Schoenhof was purposely kept in ignorance of the bringing of the actions? If Henry Adler had the right to secure this debt without the knowledge or against the wishes of his partner, as is held in the case of *Mabbett* agt. *White*, he did

nothing more in the carrying out of the plan by which the judgments in question were obtained.

As long as preferment of debts by way of sale, mortgage, pledge, &c., of copartnership property is legal by a partner of a firm in insolvent circumstances, an action tending to that end, taken solely for that purpose, cannot be held to be fraudulent.

As to the judgments obtained by Mr. Bachman, I do not see that the fact that the debt was not actually due, in any way affected the right of the copartner to secure the same.

The liability was a debt, although not due (*Leggett* agt. *Hunter*, 7 *N. Y.*), and this means was taken to secure Mr. Bachman for his liability. As has been heretofore said, Bachman had a right to seek security, and Adler had a right to give it to him, as long as the only intent was to secure a liability of the firm.

I am of the opinion, therefore, that the judgments are not fraudulent as against creditors, and that the plaintiff's complaint should be dismissed, with costs.